:Ben H. FRANKEN, an Individual, d/b/a Ben H. Franken Construction Company, (Plaintiff) Respondent,

v.

Dorothy V. CARPENTER, (Defendant) Appellant.

No. 31019.

St. Louis Court of Appeals.

Missouri.

Jan. 15, 1963.

**16**

William C. Bernhardt, De Soto, Arthur E. Johnson, Morris A. Shenker, Frank B. Green, Jr., St. Louis, for appellant.

John W. Thurman, and Thurman, Nixon & Blackwell, Hillsboro, for respondent.

GEORGE P. ADAMS, Special Judge.

Defendant-landowner appeals from an adverse judgment for $4,640.00 and a mechanic's lien against her land in favor of plaintiff-contractor, entered pursuant to a jury's verdict.

The jury's verdict and the judgment below did not dispose of a counterclaim filed by defendant. Even though neither of the parties has raised the point, we are obliged to determine sua sponte, whether we have appellate jurisdiction. Bennett v. Wood, Mo., 239 S.W.2d 325, 328(4); Collier et al. v. Smith et al., Mo.App., 292 S.W.2d 627, 631(5). Having concluded that the appeal is premature, only such facts as are necessary for this determination will be detailed.

By a written contract, plaintiff agreed to construct a one story commercial building at Murphy, in Jefferson County, for defendant. The contract provided that the "job" was to be done in a "workmanlike manner" and in accordance with plans and specifications identified in the contract; that construction should be complete by June 15, 1960 and if not completed by said date "a penalty of twenty-five dollars ($25.00) per day shall be incurred by the Contractor thereafter, and total of said penalty deducted from the Contract Price"; and that final payment was to be made "upon completion and acceptance without reservation of building by Mrs. D. Carpenter."

After inclusion of some "extras" not in dispute on this appeal, plaintiff claimed a total of $15,040.00 upon which defendant paid $6,000.00 on May 17, and $4,000.00 on July 28. On July 29, 1960, plaintiff filed his "mechanic's lien" claiming a balance of $5,040.00.

The suit was tried under plaintiff's second amended petition which was in two counts, one under the contract, and the second in quantum meruit. Both sought the recovery of $5,040.00 and a lien on defendant's property.

Defendant filed an answer and counterclaim. In her answer, in addition to denying generally the allegations of Counts I and II of plaintiff's petition, defendant also plead that plaintiff had been fully paid and had waived his lien.

By Count I of her counterclaim, defendant sought recovery of $10,812.00 based on claims that plaintiff failed to perform various phases of the construction in accordance with the contract and the plans and specifications. Included was $1,700.00 claimed due because of plaintiff's failure to complete the building by June 15th.

By Count II of her counterclaim, defendant sought $1,000.00 actual and $5,000.-00 punitive damages, claiming plaintiff had waived his lien and by "maliciously" filing his notice of lien and the subsequent filing

of this suit, defendant was required to defend a "baseless suit"; was prevented from selling the real estate or obtaining a loan thereon; and the filing of the lien resulted in a cloud on the title to the real estate.

On May 16, 1961, the case proceeded to trial before a jury.

At the close of defendant's evidence, plaintiff's motion for a directed verdict on Count I of defendant's counterclaim was overruled and his motion for a directed verdict on Count II of defendant's counterclaim was sustained.

After rebuttal evidence by plaintiff, and at the close of all the evidence, defendant offered motions for directed verdicts, as follows:

"The Defendant at the close of all evidence moves the Court to direct a verdict for Defendant and against plaintiff on Plaintiff's petition: For the reason that, under law, pleadings and the evidence there is no question for the Jury."

and,

"At the close of all the evidence, Defendant moves for a directed verdict against the Plaintiff on his claim, and for the Defendant on her counterclaim."

Both motions were denied.

While no point is made on the appeal as to the instructions (nor was any effective assignment relating thereto contained in the motion for new trial), it is appropriate to say that plaintiff's theories were submitted in two instructions authorizing a recovery on quantum meruit.

By her instructions, the defendant submitted her right to the $25.00 per day penalty and her right to damages if the jury found that plaintiff had not performed according to the contract and had failed to perform certain specific phases of the construction. By another instruction, the jury was directed to find for defendant under Count I of plaintiff's petition if they found

that plaintiff "failed to construct the building in evidence substantially according to the said contract, plans and specifications."

The jury returned the following verdict:

"We, the Jury in the above entitled cause find the issues in favor of the Plaintiff and against Defendant, Dorothy V. Carpenter and assess Plaintiff's damages in the amount of $4,640.00.

"We further find Plaintiff is entitled to a mechanic's lien against the property of Dorothy V. Carpenter in the amount of $4,640.00."

Immediately following the foregoing verdict, there appears in the transcript another verdict, as follows:

"We, the Jury find the issues on the Defendant's Count Two of the counterclaim in favor of the Plaintiff and against the Defendant."

The latter verdict was signed by a different jury foreman than the former. It is reasonable to assume that the latter verdict was executed pursuant to the trial court's direction following its sustention of plaintiff's motion for a directed verdict on Count II of defendant's counterclaim.

The trial court's judgment concluded as follows:

"Whereupon the Court adopts the verdict of the jury as his verdict.

"It is therefore Considered, Ordered and Adjudged by the Court that the plaintiff recover of the defendant the sum of $4,640.00, and that plaintiff is entitled to a mechanic's lien against the real estate described in plaintiff's petition."

Obviously the issues raised by Count I of defendant's counterclaim have not been specifically disposed of by the jury's verdict or the court's judgment. Therefore, unless the verdict of the jury necessarily constitutes a finding against defendant on Count I of her counterclaim and such issue has been effectively disposed of, Commer-

cial National Bank of Kansas City, Kansas v. White, Mo., 254 S.W.2d 605, 608(3), there has been no "final determination of the rights of the parties in the action" (Civil Rules 74.01, V.A.M.R.) and the appeal is premature. Collier et al. v. Smith et al., Mo.App., 292 S.W.2d 627, 629(1, 2), 630 (3); Bennett v. Wood, Mo., 239 S.W.2d 325, 327, 328(3-5).

To determine whether the verdict of the jury has effectively disposed of all issues raised by the pleadings and tendered under the instructions, it is essential that the "issues" be defined.

There was substantial evidence from which the jury could have found that plaintiff performed labor of value on, and furnished materials of value for, defendant's building and that defendant took possession of a building of some value before July 3rd 1960 and thereby received the benefit of plaintiff's work and materials.

There was also substantial evidence from which the jury could have found that in numerous respects plaintiff failed to perform such labor or install such materials in a workmanlike manner as he was obligated to do under the terms of the contract.

There was also substantial evidence that defendant was damaged by plaintiff's failure to perform at least one phase of the contract, viz.: construct the roof in a workmanlike manner, and that it would cost from $200 to $500 to "re-do" the roof.

■ Literal compliance with each and every minute specification of a building contract is not a condition to the contractor's right to recover something for his work and materials. Work on a building is such that "even if rejected, the owner of the land must receive the benefit of the contractor's labor and materials, which is not the case where a chattel is constructed, as the chattel may be returned. Since the owner must receive the fruits of the builder's labor, it is deemed equitable to require the former to pay for what he gets." Cross v. Robinson, Mo.App., 281 S.W.2d 22, 24.

■ On the other hand, the contractor has obligated himself to perform in the manner prescribed in the contract and if he fails to do so he should compensate the owner for such damage as his failure to literally perform the contract caused.

■ Therefore, from an early date the courts have followed a fair and equitable rule that protects both the contractor and the owner, and hold that even though the contractor voluntarily abandons, or breaches the contract "he may recover the actual value of the work and materials, not exceeding the contract price, less such damages as have resulted to the other contracting party from the breach of the contract." Kelly v. Rowane, 33 Mo.App. 440, 443; Bradley Heating Co. v. Thomas M. Sayman Realty & Investment Co., Mo., 201 S.W. 864, 865, 866(3).

So in our case, even though plaintiff breached the contract in some particulars, he is nevertheless entitled to the reasonable value of his labor and materials, "less such damages as have resulted" to defendant from his breach of the contract.

Since plaintiff's recovery is to be diminished by whatever damages, if any, defendant has sustained, the jury must have the opportunity to pass upon that issue and express its findings in its verdict.

■ Under plaintiff's Instruction P-1, if the jury found that plaintiff "furnished and delivered the material" called for in the contract and "performed the labor provided therein" and that "the prices charged and claimed are the amounts provided for in the contract" and that "the same are reasonable", then their verdict would be for plaintiff "in the amount that you find is due him under said contract" for the "materials furnished and labor performed."

Under plaintiff's Instruction P-2, if the jury found that the "labor and materials charged for in Plaintiff's bill of items was done and performed" and the "prices charged therefor are reasonable and fair", then their verdict would be in such sum as

"the evidence shows the labor and materials were reasonably worth."

By defendant's Instruction D–4, the jury were instructed that if they found that plaintiff "failed substantially to construct the building according to contract" and (among 9 other specifications of non-performance) "failed to properly construct the roof", then they would find for defendant such damage as she may have suffered "by reason of such items, if any, as the evidence shows the Plaintiff failed on."

Plaintiff's right to recover, it is seen, was authorized without any reference to defendant's damages resulting from plaintiff's failure (if the jury so found) to perform according to the terms of the contract.

Under plaintiff's instructions, the jury could have found that every item of material called for by the contract was put into the building and that the charges for such material and plaintiff's labor to install same were reasonable. From such finding they could have given plaintiff judgment for such charges without the necessity of determining whether the materials were incorporated into the building in a workmanlike manner.

In other words, under plaintiff's instructions the jury were required to pass only on a part of plaintiff's performance, namely, furnishing of materials and performance of labor, and not whether the "job" was done in a workmanlike manner, the primary issue tendered by Count I of defendant's counterclaim and her instructions.

Since, under plaintiff's instructions alone, the jury could have rendered the verdict that it did, the issues of whether the building had been constructed "according to contract" (in a "workmanlike manner") and whether the roof was "properly" constructed, and if not, what, if any, damages defendant suffered by reason thereof, were not necessarily passed on by the jury.

Reference to, and quotations from the instructions herein should not be construed as an approval of them. This has been done solely to point out the issues that were submitted to the jury for the purpose of determining whether the verdict necessarily disposed of all issues.

As a matter of fact, close attention to the Bradley Heating Co. case, supra, 201 S.W. 864, with its exhaustive review of the authorities on this subject will suggest to the parties the proper manner of drafting instructions to present the legitimate issues to the jury.

It might aid counsel in further proceedings herein if reference is made to defendant's contention that since there was no dispute that plaintiff failed to complete the work by June 15, 1960, defendant was entitled to money damages of $25.00 per day for each day the building remained unfinished.

This issue was submitted in defendant's Instruction D–3, concluding: "Now, if you find from the evidence that said building was not completed and submitted to Mrs. Carpenter on June 15, 1960, you may deduct from money due Ben H. Franken, if any, $25.00 per day from June 15, 1960 until date of completion, if you find the building was completed."

No evidence was offered showing that defendant suffered any damages because of the delay in her taking possession of the building.

■■ A penalty, as such, is not enforceable and it is incumbent upon the party seeking to recover for a delay in performance "to show not only the breach, but that damages have in fact accrued in consequence thereof." Ward v. Haren, 183 Mo. App. 569, 167 S.W. 1064, 1070(10). Even as an attempt to agree on "liquidated damages", the amount agreed upon must not be out of proportion to the damages actually suffered, for if it is "the stipulation should be held to be an unenforceable penalty." Ward v. Haren, supra, 167 S.W. page 1069 (8). Christopher & Simpson Architectural Iron & Foundry Co. v. E. A. Steininger

**20**

Construction Co. et al., 200 Mo.App. 33, 205 S.W. 278, 285(12).

These fundamentals will assist the parties if this issue remains in the case.

Because it is premature, the appeal is dismissed and the cause remanded for such further proceedings as may be proper.

ANDERSON, P. J., and WOLFE, J., concur.