**CUSTOM CONTROL MANUFACTURER, INC., Respondent,**

v.

**MATNEY & CO., Inc., Appellant.**

No. 25612.

Missouri Court of Appeals, Kansas City District.

April 3, 1972.

Rehearing Denied May 11, 1972.

Richard F. Adams, Kansas City (Slagle & Bernard, Kansas City, of counsel), for appellant.

William H. Bates and Terry W. Raney, Kansas City, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel), for respondent.

PER CURIAM:

This appeal must be dismissed because the verdict of the jury and the judgment of the trial court did not dispose of the submitted issues of defendant's counterclaim. Civil Rule 74.01, V.A.M.R. Plaintiff's claim was based upon an express contract, as contained in its Count I and submitted to the jury, for recovery of the cost of material, plus 10% and interest for construction of an electrical panel. Defendant's counterclaim was for $9,364.31 damages, and was based upon plaintiff's alleged failure to perform and that the work plaintiff delivered was not done in a good and workmanlike manner. The latter ground was submitted to the jury in Instruction No. 5 along with defendant's damage instruction and forms of verdict should the jury find for it on the counterclaim. The jury returned a verdict only for plaintiff in the total amount of $8,705.87, and judgment was entered on that verdict.

A case precisely in point is Franken v. Carpenter, Mo.App., 364 S.W.2d 15. There the plaintiff sued on a building contract and defendant filed a two count counterclaim alleging that plaintiff failed to perform various phases of construction in accordance with the contract and the plans and specifications. The jury returned a verdict for plaintiff, and there was a purported second verdict, signed by a different jury foreman, which disposed only of Count II of the counterclaim. The court said that Count I of the counterclaim had not been disposed of by the jury's verdict or the court's judgment. The claim and counterclaim were held not to fall within that class of cases where the verdict and judgment necessarily disposes of a counterclaim because "Plaintiff's right to recover, it is seen, was authorized without any reference to defendant's damages resulting from plaintiff's failure (if the jury so found) to perform according to the terms of the contract." Loc.cit. 364 S.W.2d 19. See also

McNabb v. Payne, Mo.App., 280 S.W.2d 864; and the cases cited in Staples v. Dent, Mo.App., 220 S.W.2d 791.

The appeal is dismissed and the case is remanded for further proceedings.