GRAND BISSELL TOWERS, INCORPO-
RATED, a Missouri Corporation,
Appellant,

v.

JOAN GAGNON ENTERPRISES,
INCORPORATED, a Missouri
Corporation, Respondent.

No. 42140.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 30, 1983.

Armstrong, Teasdale, Kramer & Vaughan by John H. Quinn, III, St. Louis, for appellant, Grand Bissell Towers, Inc.

No Brief was filed in behalf of respondent.

SATZ, Judge.

This is an action on a lease. Plaintiff, Grand Bissell Towers, Inc., leased the historic Bissell Mansion to defendant, Joan Gagnon Enterprises, for the purpose of operating a restaurant. As part of the lease agreement, plaintiff agreed to construct a parking lot next to the mansion. The lot was to be completed in two-stages—the first stage was to be completed by December 25, 1978, and the second stage was to be completed no later than April 30, 1979. The lease also provided for liquidated damages if plaintiff failed to meet either of these completion dates. For every day the parking lot remained unfinished, defendant was to retain, as liquidated damages, $2,054.00 per day less actual daily gross sales. From the record, it appears that defendant made its first rent payment of $2,700.00 per month on November 7, 1978. However, the lease was not executed until November 11, 1978, and defendant took possession on that date. On December 25, 1978, the completion date of the first stage of the parking lot, plaintiff had not yet begun work on the lot. Defendant made no other rent payments other than its November payment. Because of defendant's failure to pay rent, plaintiff sued defendant for "back rent." Defendant filed a counterclaim for liquidated damages because plaintiff had failed to complete the parking lot. At the time of trial, the parking lot was still not completed. After trial before the court without a jury, the court dismissed plaintiff's claim for rent and awarded defendant $237,173.95 on its counterclaim, plus $6,000.00 in attorney's fees. Judgment was entered accordingly. In response to plaintiff's after trial motion, the court vacated its award of attorney's fees. The judgment for liquidated damages was kept in tact. Plaintiff appeals from this judgment.[1] We reverse.

---

1. Defendant did not file a brief on appeal.

Plaintiff raises a number of points on appeal. We address the one which properly disposes of this case. Plaintiff contends that defendant's evidence failed to support its counterclaim for liquidated damages. We agree.

 Liquidated damages clauses are valid and enforceable; penalty clauses are not. *E.g., Sides Construction Co. v. City of Scott City,* 581 S.W.2d 443 (Mo.App.1979). In Missouri, we have adopted the rules of the Restatement of Contracts for determining whether a liquidated damages clause is in fact a penalty. *See, e.g., Corrigan Company Mechanical Contractors v. Fleischer,* 423 S.W.2d 209, 213–214 (Mo.App.1967). These rules are:

"(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

*Restatement of Contracts* § 339 (1932).[2]

These rules requiring some reasonable relation between the damages agreed upon and those expected to result from the breach are not rules about actual damages. Many courts, however, do examine the plaintiff's probable actual loss when determining the validity of a damage clause, but they do so, if at all, only to determine the reasonableness of the agreement at the time of contracting. Dobbs, *Remedies,* § 12.5, p. 822 (1973); *See* MacNeil, *Power of Contract and Agreed Remedies,* 47 Cornell L.Q. 495, 504–509 (1962); Annot. 34 A.L.R. 1336 (1925). Thus, in these jurisdictions, it is theoretically possible for a plaintiff to recover substantial liquidated damages when he has had no actual losses at all. *McCarthy v. Tally,* 46 Cal.2d 577, 297 P.2d 981, 985–987 (Cal. en banc 1956). We, in Missouri, have rejected this theoretical possibility and have consistently stated or held that the plaintiff must show at least some actual harm or damage caused by the breach before the liquidated damages clause can be triggered.[3] *Berger v. McBride & Son Builders, Inc.,* 447 S.W.2d 18, 21 (Mo.App. 1969);[4] *Corrigan Company Mechanical Contractors, Inc. v. Fleischer,* 423 S.W.2d *supra* at 213–214; *Ward v. Haren,* 183 Mo. App. 569, 167 S.W. 1064, 1070 (Mo.App. 1914).

 We have examined the record and find no actual harm or damage shown by

**2.** The Restatement (Second) of Contracts, § 356 (1979) restates these rules in a more succinct fashion:

"(1) Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.

(2) ...."

**3.** As previously noted, difficulty of proof of loss is one of the factors considered in determining whether the agreed to sum for damages is so unreasonably large as to be a penalty. Arguably, then, "[t]he greater the difficulty either of proving that loss has occurred or of establishing its amount with requisite certainty ..., the easier it is to show that the amount fixed is reasonable." Restatement (Second) of Contracts § 356, Comment b (1979). From this argument, the conclusion can be derived that proof of actual loss is not a prerequisite to collecting liquidated damages. It is not necessarily contradictory, however, to stop short of this possible conclusion and, in order to avoid unfairness, require, as we do in Missouri, a showing of some actual harm or damage to trigger a liquidated damages clause. *See,* Note, *Liquidated Damages and the "No Harm Rule,"* 9 Stanford L.R. 381 (1957). Thus, as also stated in the Restatement: "If, ..., it is clear that no loss at all has occurred, a provision fixing a *substantial sum as damages is unenforceable.*" *Id.* The showing of harm or damage necessary to trigger the liquidated damages clause need not be a precise dollar amount but simply a showing that some harm or damage did in fact occur.

**4.** In the *Berger* case, *supra,* the Court stated: L.C. 21

"[I]n the absence of any evidence that defendant sustained any damage the forfeiture clause upon which defendant relies, while using the term 'liquidated damages' is actually a penalty, and hence unenforceable."

defendant. We, therefore, conclude the liquidated damages clause in issue is unenforceable. Accordingly, the judgment in favor of defendant on its counterclaim is reversed.