Robert STROUSE, Plaintiff–Appellant,

v.

Terry D. STARBUCK and Holly M. Starbuck, Defendants–Respondents,

and

Clair Land Co., Inc., d/b/a Century 21 – Heritage Realty, Defendant.

No. 21951.

Missouri Court of Appeals, Southern District, Division One.

March 25, 1999.

Glen P. Green, Thomas M. Benton, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, MO, for Appellant.

Cynthia R. Black, Marshfield, MO, for Appellee.

JAMES K. PREWITT, Presiding Judge.

Appellant brought suit against Respondents seeking a judgment for liquidated damages as a result of a breach of a real estate contract. Defendant Clair Land Co., Inc. held $10,000.00 in escrow, which it deposited with the court prior to trial on this action, and is not a party to this appeal. The judgment ordered that the $10,000.00 held in escrow by the court be released to Defendants Starbuck. Appellant brings this appeal against the Starbucks.

Appellant is the owner of 239 acres located near the town of Niangua in Webster County, Missouri. Respondents asked their friend, Jerri Delcour, a real estate agent, if the 239 acres were for sale. Delcour inquired of Appellant whether he was interested in selling this acreage; Appellant stated he was not. When Delcour indicated she had a buyer, however, Appellant signed an "Authorization to Show Property to Terry Starbuck Only" on February 20, 1996. A real estate contract was subsequently entered into between Appellant and Respondents on February 21, 1996. The sale price in the contract was for $225,000.00, requiring Respondents to obtain financing in the sum of $175,000.00.[1]

Respondents did not obtain financing and informed Appellant approximately one week prior to the contract closing date that they were not going to be able to close on the contract. Appellant filed a petition claiming

---

1. Subsequent addenda were executed and attached to the original contract. Those changes are irrelevant to this appeal.

that Respondents failed to use reasonable diligence and good faith in obtaining financing. Trial without a jury was held on April 11, 1997. Judgment in favor of Respondents was issued without findings of fact or conclusions of law.

■ Appellant raises several points on appeal, however Point III is dispositive of this appeal. Appellant claims the trial court erred in failing to award him liquidated damages pursuant to the real estate contract. The contract states:

If this Contract shall not be closed for the fault of the Buyer, then 10% of the total sale price shall be paid by Buyer to Seller as liquidated damages, it being agreed that actual damages are difficult, if not impossible, to ascertain.

■ Missouri law requires a showing of actual harm to trigger a liquidated damages clause. *Goldberg v. Charlie's Chevrolet, Inc.,* 672 S.W.2d 177, 179 (Mo.App.1984). Appellant must show not only that Respondents breached the contract, but also that " 'damages have in fact accrued in consequence thereof.' " *Corrigan Co. Mechanical Contractors, Inc. v. Fleischer,* 423 S.W.2d 209, 214 (Mo.App.1967).

At trial, Appellant and his attorney had the following dialogue, which Appellant's counsel says sufficiently showed actual damages:

Q. At the time that you entered into the sale contract with the Starbucks for your property, did you end up taking your property off the market so to speak so that you didn't talk to anybody else about selling it to them?

A. I—I couldn't. In fact, I've even—I even had people run off of the property because they had been told, "Well it's sold." ... And I had people looking at the property, but they were—They were told by the real estate lady's husband they couldn't go on there because it was sold.

. . .

Q. And since the May 28ᵗʰ closing date passed, have you been able to sell your property yet?

A. I have not, no.

. . .

Q. As a result of the Starbucks['] failure to close the transaction ..., do you feel like you have suffered any damages as a result of that?

A. Well, sure. The – I – I certainly do.

Q. And is that anything other than the lack of the purchase price that you're receiving you feel is the damage?

A. Well, I mean, I'm still stuck with the – the property I thought was sold.

Q. Okay.

A. And I – And – And I – And the obligation of the payments on it.

■ The reason Missouri courts hold that a plaintiff "must show at least some actual harm or damage caused by the breach before the liquidated damages clause can be triggered" is explained in *Grand Bissell Towers, Inc. v. Joan Gagnon, Enter., Inc.,* 657 S.W.2d 378, 379 (Mo.App.1983). There, the court states that liquidated damages clauses are enforceable, but penalty clauses are not, and without evidence of damages, a liquidated damages clause actually becomes a penalty and is unenforceable. 657 S.W.2d at 379, n. 4.

Here, Appellant did not conclusively establish that he suffered any actual damage, and the trial court could have found that there was insufficient evidence to show any damage. Appellant had a "specific listing" to show the property only to Respondents. The property was not on the market prior to entering into that listing. No evidence was presented that Appellant had subsequently listed the property for sale, or taken any other action to sell the property.

■ Appellant did testify that people "were told" they could not go on the property because it was sold. Whether that was true and the effect of it, even if so, was for the consideration of the trial court. The trial court is in a better position than an appellate court to judge the witness's credibility "and other intangibles not revealed in a transcript." *Ellis v. Ellis,* 970 S.W.2d 416, 418 (Mo.App.1998). The trial court "may accept or reject all, part, or none of the testimony of witnesses." *Snyder v. ICI Explosives USA, Inc.,* 938 S.W.2d 946, 948 (Mo.App.1997).

Therefore, we defer to the trial court's apparent or possible conclusion that this testimony was insufficient to establish that Appellant suffered actual harm. When no findings of fact or conclusions of law are made by the trial court, this court assumes all fact issues were determined in accordance with the result reached. Rule 73.01(a)(3).

Appellant also claims he was "further damaged when the $20,000.00 earnest money check, tendered by Buyers was returned insufficient funds, and Seller accepted $10,-000.00 based upon Buyers' assurances that they were going to obtain financing." We do not understand how this action damaged Appellant, and are given no explanation by Appellant.

Our examination of the record leads us to conclude there may have been no actual harm or damage established by Appellant. We are not saying that the evidence presented would not have been sufficient to support actual damages had the trial court found for Appellant, but that the evidence was not so persuasive that the trial court had to find for Appellant on this issue. Therefore, the liquidated damages clause was unenforceable.

The judgment is affirmed.

CROW, J., and PARRISH, J., concur.