**Roger Lee BARTON, Plaintiff-Appellant,**

v.

**The CITY OF ELLISVILLE, Defendant-Respondent.**

No. 35142.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 27, 1973.

Robert E. Morley, O'Fallon, Gerald L. Birnbaum, for plaintiff-appellant.

Murphy, Kortenhof & Ely, Joel D. Monson, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from an order of the Circuit Court of St. Louis County sustaining respondent's motion to dismiss Count II of his petition, thereby dismissing the defendant City of Ellisville from the action.

Plaintiff filed a petition in two counts. Count I sought damages from defendant Gavel for wilfully, wantonly and maliciously battering, striking and hitting plaintiff; Count II sought damages against the defendant City of Ellisville for the negligent failure to relieve Gavel from his position as a policeman when the City of Ellisville knew or should have known of the dangerous propensities of its employee, Gavel. The City of Ellisville's motion to dismiss Count II was sustained. Count I is still pending in the trial court.

We find that the order dismissing Count II of plaintiff's petition was not a final judgment from which appeal may be taken. Under Rule 74.01, V.A.M.R., a judgment is the final determination of the rights of the parties in the action. For a judgment to be final and appealable, it must dispose of all parties and all issues in the case. Scheid v. Pinkham, 395 S.W.2d 166 (Mo.1965) [1, 2]. An order dismissing an action as to one defendant but not as to all defendants does not dispose of the case as to all parties and therefore is not a final judgment for the purpose of appeal. Beuttenmuller v. Vess Bottling Co. of St. Louis, 395 S.W.2d 204 (Mo.1965) [2].

Because the trial court's order dismissed only Count II and one defendant, and Count I is still pending, the order appealed from does not dispose of all parties and all issues in the case. It is therefore not a final order and this appeal must be dismissed as premature.

Appeal dismissed.

McMILLIAN and GUNN, JJ., concur.