**FEDERAL DEPOSIT INSURANCE CORPO-
RATION, a corporation, Plaintiff-
Appellant,**

v.

**Larry G. CRISMON, Defendant,**

**Edwin M. McCabe, Intervenor-
Respondent.**

**No. 9551.**

Missouri Court of Appeals,
Springfield District.

Nov. 13, 1974.

David L. Colson, Colson & Wagner, Farmington, for plaintiff-appellant.

No appearance for defendant.

L. Michael Lorch, Piedmont, for intervenor-respondent.

BILLINGS, Judge.

Plaintiff Federal Deposit Insurance Corporation [hereinafter F.D.I.C.] instituted this replevin suit against Larry G. Crismon and W. W. Harris, seeking possession of a Caterpillar tractor and damages for its taking and detention. Intervening plaintiff Edwin M. McCabe sought possession of the tractor and damages from F.D.I.C.

W. W. Harris disclaimed any interest in the tractor and was dismissed from the suit by F.D.I.C. Answer was filed on behalf of Larry G. Crismon to F.D.I.C.'s petition but neither he nor his attorney appeared at the trial and a motion for directed verdict in F.D.I.C's favor was sustained and returned against defendant Crismon for possession of the tractor. The directed verdict was silent as to damages.

The intervening petition of Edwin M. McCabe was denied by F.D.I.C. and the jury returned a verdict in McCabe's favor for possession of the tractor but declined to assess any damages in his favor. F.D.I.C. has appealed.

The record entry of the "Judgment Entry" is as follows:

"This action coming on for hearing on the 7th day of February, 1973, and Inter-

vening Plaintiff [Edwin M. McCabe] being present in person and by attorney, and the original Plaintiff, the Federal Deposit Insurance Corporation, also being present in person and by attorney, and the Defendant, Larry G. Crismon, does not appear either in person or by attorney, but wholly defaults. At the close of all the evidence on behalf of the Plaintiff, Federal Deposit Insurance Corporation, *a verdict is directed against the Defendant, Larry G. Crismon, that as between Plaintiff, the Federal Deposit Insurance Corporation, and the Defendant, Larry G. Crismon, the plaintiff is entitled to the possession of the personal property mentioned in the evidence.*

"Thereafter, evidence is submitted by the Intervening Plaintiff, Edwin McCabe, and the jury having returned the following verdict:

'We, the jury, find the Caterpiller tractor to be the property of intervening plaintiff, Edwin McCabe, and that he, Edwin McCabe, was entitled to the possession thereof on the 23rd day of February, 1971.'

"*It is, therefore, ordered, adjudged and decreed that Intervening Plaintiff have judgment against Plaintiff, that Plaintiff return the said caterpillar tractor to the Intervening Plaintiff, Edwin McCabe, and have execution therefor; and further, the costs of this proceeding are hereby assessed against the Plaintiff, the Federal Deposit Insurance Corporation.*

"The Court further orders that the bond filed herein by the Federal Deposit Insurance Corporation and the Maryland Casualty Company for the faithful delivery of said caterpillar tractor, be, and the same is hereby dissolved and declared void."

■ Initially, our duty is to determine if a final appealable judgment has been rendered before we undertake to consider an appeal on its merits. Starnes v. Aetna Casualty and Surety Company, 503 S.W.2d 129 (Mo.App.1973). If not, we are required to dismiss the appeal on our own motion. Herndon v. Ford, 470 S.W.2d 168 (Mo.App.1971).

■ To be final and appealable a judgment must dispose of all parties and all issues in the case and must leave nothing for further determination. Rule 74.01, V.A. M.R.; Elliott v. Harris, 423 S.W.2d 831 (Mo. banc 1968).

■ The recital in the "Judgment Entry", supra, as to the verdict directed in F. D.I.C.'s favor and against Larry G. Crismon for possession [and ignoring the issue of damages] does not give rise to a final judgment; hence, there was no final and appealable judgment disposing of all of the parties and all issues in the case and leaving nothing for further determination. Herndon v. Ford, supra, 470 S.W.2d at p. 170.

We note that in the notice of appeal, the transcript, and the briefs herein that the appeal is styled "Edwin M. McCabe, Intervening Plaintiff-Respondent vs. Federal Deposit Insurance Company, Defendant-Appellant." Nevertheless, although the "Judgment Entry" purports finality as to these parties it is not a final judgment under the authorities, supra. This renders the instant appeal premature.

Appeal dsmissed.

HOGAN, C. J., and TITUS and FLANIGAN, JJ., concur.

STONE, J., not sitting.