Wayne BAUMSTARK,
Plaintiff-Appellant,

v.

Elizabeth JORDAN,
Defendant-Respondent.

No. 37337.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 17, 1976.

O. J. Mundwiller, Hermann, McQuie & Deiter, Montgomery City, for plaintiff-appellant.

Jenny, Cole & Eckelkamp, James A. Cole, Joseph M. Ladd, Union, for defendant-respondent.

McMILLIAN, Judge.

Plaintiff appeals from a judgment of the Circuit Court of Gasconade County grant-

ing summary judgment in his action for specific performance of a contract for the sale of land. The decision of the trial court refusing specific performance was premised on a finding that the contract contained a liquidated damages clause providing an agreed upon alternative to respondent's conveyance of the land. The contract was found to be unambiguous as a matter of law. Appellant rejected respondent's tender of $1,000 in compliance with the contractual provision as interpreted. Appellant contended at the trial level and on appeal that the contractual provision for liquidated damages was intended as a remedy simply for breach of the express time-of-the-essence condition of the contract and, therefore, was supplemental to specific performance or at least that the provision rendered the contract ambiguous so as to require extrinsic evidence to establish the parties' intent.

In the trial court, the respondent filed a counterclaim alleging undue influence and fraud in the formation of the contract. The trial court's entry of a summary judgment dealt solely with the issue of contractual interpretation. Action on respondent's counterclaim was expressly continued pending appellant's appeal.

Although not raised by either party, the principal issue on this appeal is the procedural one as to whether the decision of the trial court is a final judgment for purposes of appeal. We reach this issue because it is the duty of the appellate court to order dismissal *sua sponte* if the judgment is not final, *Federal Deposit Insurance Corporation v. Crismon*, 516 S.W.2d 57, 58 (Mo.App.1974) and *Coonis v. Rogers*, 413 S.W.2d 310, 313 (Mo.App.1967).

The general rule of finality of judgment requires that the judgment to be final must dispose of all parties and all issues in the case, *Federal Deposit Insurance Corporation v. Crismon*, supra, at 58 and *Barton v. City of Ellisville*, 504 S.W.2d 202 (Mo.App.1973). An order disposing of the principal claim but not counterclaims in a case is generally not considered final, *Bennett v. Wood*, 239 S.W.2d 325, 327–328

(Mo.1951) and *Farmers Mutual Hail Insurance Company v. Garnand*, 238 S.W.2d 437, 438 (Mo.App.1951). An exception to this general rule is recognized when a judgment is entered on one of a number of claims arising out of the same transaction, occurrence or subject matter if the trial court specifically designates that the judgment is deemed final for purposes of appeal, Rule 82.06, V.A.M.R. This exception does not appear applicable to the present case because the record reveals no such specific designation, cf. *Dotson v. E. W. Bacharach, Inc.*, 325 S.W.2d 737, 739 (Mo.1959). We are also unconvinced that such a procedure would be appropriate in the context of a mutually exclusive claim and counterclaim as involved here.

A corollary to the general rule of finality allows characterization of a judgment as final where the decision on one claim implicitly disposes of the other claims, *Glick v. Glick*, 372 S.W.2d 912, 915 (Mo. 1963) and cf. *Custom Control Manufacturer, Inc. v. Matney & Co., Inc.*, 480 S.W.2d 321 (Mo.App.1972) and *Franken v. Carpenter*, 364 S.W.2d 15 (Mo.App.1963). Respondent argues that the trial court's interpretation of the contract was not an implicit recognition of the existence of a contract so as to dispose of respondent's counterclaim because respondent has always made its claims of undue influence and fraud expressly alternative to its suggested interpretation of the contract. We are, however, unable to follow the logic of the respondent. We cannot understand how the trial court could expressly limit the appellant to what it determined to be a contractually provided alternative remedy to specific performance if the same court might find that a contract did not exist because the product of the undue influence and fraud. The trial court's decision can, therefore, only be viewed as an implicit rejection of respondent's contract formation defenses. It is, however, difficult to characterize the trial court's ruling as an implicit disposition of respondent's counterclaim in this situation where the trial court explicitly continued the counterclaim pending appeal.

Thus the confused state of the litigation develops. It would be futile for this court to treat the trial court's ruling on appellant's action as final, affirm the trial court's interpretation of the contract and then have the trial court determine that a valid contract never existed because it was the product of fraud and undue influence.

Appeal dismissed as premature.

WEIER, P. J., and RENDLEN, J., concur.