**CITIZENS INSURANCE COMPANY OF NEW JERSEY, a corporation, Plaintiff-Appellant,**

v.

**KANSAS CITY COMMERCIAL CARTAGE, INC., a corporation, Defendant-Respondent, and Third-Party Plaintiff,**

v.

**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, a corporation, Third-Party Defendant.**

**No. KCD 27598.**

Missouri Court of Appeals, Kansas City District.

Nov: 1, 1976.

William J. Lasley, James, Odegard & Millert, Kansas City, for plaintiff-appellant.

Steven H. Osman, James H. Ensz, Rope, Shanberg & Rope, Kansas City, for defendant-respondent and third-party plaintiff.

Clem W. Fairchild, Kansas City, for third-party defendant.

Before DIXON, P. J., and BRUCE NORMILE, FRANK CONLEY and RONALD M. BELT, Special Judges.

PER CURIAM:

The trial court entered summary judgment against plaintiff in an action on an insurance policy. In the procedural setting of this appeal, the threshold issue to be determined is the finality of the judgment. A short statement of the procedural and factual background will demonstrate the necessity for the initial determination of this court's jurisdiction of the appeal.

Plaintiff insurance company brought an action against defendant Kansas City Commercial Cartage, Inc., based upon a claim by plaintiff that it was entitled to the return of funds paid under an insurance policy. The payment by plaintiff was made under a loss payment agreement which reserved to the plaintiff insurance company the right to contest the validity of the payment. The basic policy of insurance under which the loss was paid was a cargo coverage policy. Excluded from coverage of the policy was loss "caused by or resulting from infidelity of the insured's employees or persons to whom the property may be entrusted . . . and for loss or damage caused by the dishonesty of any attendant or attendants." The goods in question were stolen from a shipment and one LaCore, who was a part-time employee before and after the time of the loss, confessed to the theft of the goods.

The dispute between Citizens Insurance as a plaintiff and Commercial Cartage as defendant centers upon the meaning to be ascribed to the quoted policy language. Before trial, Commercial Cartage, with leave of court, brought a third-party action against Commercial Union Insurance Company of New York. The third-party petition was an action upon a fidelity bond coverage issued by Commercial Union covering the employees of Commercial Cartage. Commercial Union filed an answer denying liability upon grounds that Commercial Cartage had failed to comply with the terms and conditions of the insuring agreement, that the loss was not within the insuring agreement, and that no act was committed by any person whose acts could have caused a loss under the insuring agreement.

A stipulation of facts was filed by the parties, and the plaintiff Citizens Insurance and the defendant Commercial Cartage both filed motions for summary judgment. The third-party defendant, Commercial Union, likewise moved for summary judgment against the defendant Commercial Cartage. In that posture of the case, the trial court sustained the defendant Commercial Cartage's motion for summary judgment and denied the motion of plaintiff Citizens Insurance. No ruling was made on the motion of Commercial Union for summary judgment against defendant Commercial Cartage.

■ In this posture of the case, the face of the record demonstrates that the issues between Commercial Cartage and Commercial Union on Commercial Cartage's third-party claim on the fidelity bond coverage have not been resolved. Finality of judgment is a jurisdictional prerequisite, and it is the duty of this court to look to our jurisdiction *sua sponte*, and if the judgment is not final to dismiss the appeal. *Baumstark v. Jordan*, 540 S.W.2d 611 (Mo.App. 1976).

During the oral argument, counsel were advised of the court's concern as to the possibility that the appeal was premature and were requested to file supplemental briefing on the issue. All of the parties joined in a single letter brief urging the court to consider the trial court's order as a final appealable order. In support of that position, they cited *Hupp v. Murphy Finance Company*, 502 S.W.2d 345 (Mo.1973); *Capitol Stores, Inc. v. Storms-Green Construction Company*, 346 S.W.2d 549 (Mo.App.1961); and *Skatoff v. Alfend*, 411 S.W.2d 169 (Mo.1966).

The thrust of their argument based upon that authority is that the trial court found by implication against the contention of the defendant Commercial Cartage on its claim against Commercial Union on the fidelity bond, the reason advanced being that if LaCore was not an employee for the purposes of the cargo insurance, he could not be an employee for the purposes of the fidelity coverage. The cases cited by the parties indeed hold that in some circumstances such an implication of finality will arise. Thus, in *Hupp*, where Count I involved setting aside a judgment and Count II was entirely derivative being an action for wrongful execution, the court held that a determination against the plaintiff on the wrongful execution issue concluded the entire litigation. Likewise, in *Capitol Stores*, a counterclaim was involved, and the trial court's finding for the plaintiff necessarily implied a finding against the defendant upon the counterclaim. *Skatoff* was a dismissal based on the jurisdictional issue of venue and, of course, would apply to all defendants in the case.

The difficulty which the parties have not addressed is that the implication of a finding on a third-party claim may have different results than a situation where the claims are entirely interdependent. In the instant case, if a finding is implied on the third-party claim against the defendant Commercial Cartage and the determination in this court reversed the trial court, a vexing issue would arise as to whether any right of appeal by Commercial Cartage existed with respect to its claim against Commercial Union. If that matter was concluded by implication from the trial court's order on the principal claim, the time has long since passed for the defendant Commercial Cartage to appeal from that implied judgment. This would follow if the reversal was based upon the procedural ground that an issue of fact existed for determination by the trier of fact and that summary judgment was therefore improper, or if the reversal turned on the issue of the matters of law urged on this abortive appeal.

■ There is sound authority that in the procedural setting of this case where there are unrelated defendants and where questions of liability arise out of the same facts, the typical third-party situation, the failure to enter a judgment which disposes of all the issues between all the parties denied finality for the purposes of appeal.

In *New Age Federal Savings and Loan Association v. Miller*, 461 S.W.2d 876 (Mo.

1970), a somewhat similar situation arose. The savings association brought suit against Fireman's Insurance on a fire policy and joined it with a claim to quiet title against other defendants. These other defendants filed a third-party action against their own insurance company. Thereafter, a motion for summary judgment was entered on the third-party claim, but no disposition was made of the initial claims. The appeal from the motion for summary judgment was dismissed as premature because of the failure to dispose of all the issues and all the parties.

In *State ex rel. Fletcher v. New Amsterdam Casualty Company*, 430 S.W.2d 642 (Mo.App.1968), plaintiff's appeal on the principal claim was held to be premature where a third-party claim still pended. The court pointed out the plaintiff's claim, if sustained, would have a different effect on the third-party claim than if it were denied, which is exactly the situation which exists here.

■ In the instant case, a variety of results are possible under the appeal with respect to a motion for summary judgment by Commercial Cartage. It may be affirmed, in which case, the position of the parties might be sound with respect to the finality of the claim against Commercial Union on the indemnity policy, or the order granting summary judgment against Citizens Insurance might be found to be improper because a factual issue existed between the parties, in which case, the claim against the indemnity company could not be resolved until that factual determination had been made in the trial court. A third result is possible, that this court might find against Commercial Cartage on the issues of law involved in this appeal, in which case, Commercial Cartage might well wish to pursue its claim against the indemnity company. This same situation was specifically recognized in *State ex rel. Fletcher v. New Amsterdam, supra*. As noted, this last result would present the troublesome question of Commercial Cartage's status as a third party plaintiff if this court adopted

the position urged by the parties. Under all the circumstances of this case and as noted in *New Amsterdam*, the circumstances of each case must be considered in determining the finality of the judgment entered below.

This court has concluded that the appeal must be dismissed.

One other procedural matter needs to be mentioned.

■ The transcript in this case reveals that subsequent to the entry of judgment for Commercial Cartage on its motion for summary judgment, Citizens Insurance as plaintiff filed a motion for rehearing within a few days after the order sustaining the motion was entered. This motion has never been ruled upon by the trial court so far as the transcript filed here discloses. Since the order sustaining the motion for summary judgment in favor of Commercial Cartage has been determined to be without finality and thus interlocutory in nature, the motion for rehearing still pends for determination by the trial court. Under Rule 81.05(b), as construed in *Otto v. Kansas City Star Co.*, 368 S.W.2d 494 (Mo.1963), the motion for rehearing would have been considered as overruled upon the filing of a notice of appeal and the passage of time, but *Otto* is not here involved since no final judgment has been entered in this cause. The trial court should dispose of the pending motion or the parties may desire to refile the same upon a final determination of the entire case.

Appeal dismissed.