**Adele MITCHELL, Plaintiff-Appellant,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY, Defendant-Respondent.**

No. 38734.

Missouri Court of Appeals, St. Louis District, Division Two.

April 4, 1978.

William R. Hirsch, Clayton, for plaintiff-appellant.

Jerome M. McLaughlin, St. Louis, for defendant-respondent.

STEPHAN, Judge.

This is an appeal from an order of the circuit court granting defendant's motion to dismiss a pleading denominated "Claim for Relief of Plaintiff"[1] and dismissing plaintiff's cause of action in toto. This matter arose from a suit in equity to reform an insurance policy so as to show plaintiff as an insured mortgagee together with the Kimberly Investment Corporation. The policy provided fire coverage in the amount of $26,000 on a four family dwelling which burned. The defendant insurance company filed a third party petition alleging that it had issued the policy in question insuring Thomas and Sandra Venezia as owners and Kimberly Investment as mortgagee, naming the Venezias and Kimberly as third

---

1. It was apparently plaintiff's intention that this document serve as an amended petition.

party defendants and accusing them of fraud and misrepresentation in the procurement of the policy. The insurance company also filed an answer and counterclaim alleging with some particularity the nature of the misrepresentations, claiming it would not have issued the policy had it known the truth, and seeking declaratory relief to the effect that it was liable to no one on the policy because of fraud in the procurement. The counterclaim was not disposed of below. The order appealed from is therefore not final, and the appeal must be dismissed as premature.

This case is inextricably entwined with one filed on the same day, in the same court, by the same plaintiff against the same defendant, occasioned by the same conflagration. Because the instant case sought reformation of the policy, it was assigned to one of the "equity" divisions of the Circuit Court of the City of St. Louis, in accordance with local custom. In the other action, plaintiff claimed she was the assignee of Kimberly Investment in the amount of $21,645.19, and prayed for judgment in that amount, plus interest, together with a ten percent penalty and attorney's fees for vexatious delay. Because it was an action for damages on the insurance policy, the case was sent to Division 1, a "law" division of the court. As in the instant case, defendant insurance company filed a third party petition against the Venezias and Kimberly Investment, alleging that it was liable to no one but that the named third party defendants were indispensable parties.

The reformation case was heard without a jury.[2] Thereafter, the trial court entered an order stating that both the petition for reformation and defendant's counterclaim were "denied". However, defendant filed a motion for new trial which the court "sustained on the ground that the judgment is against the weight of the evidence."

Some months later, the defendant insurance company filed a motion to dismiss the action at law on the grounds, *inter alia*, that the judgment against plaintiff in the

reformation suit had not been appealed, was final and *res judicata* as to that case. The motion was sustained and the petition " . . . dismissed without prejudice and with leave to re-file this cause upon termination of the Defendant's Counterclaim for Declaratory Judgment in Cause Number 26586F against this Plaintiff now pending in Division Two (2) of this Court." On the same day defendant filed its motion to dismiss the action at law, it filed a "motion for judgment" on its counterclaim for a declaratory judgment in the reformation case, in effect submitting it on the evidence previously adduced. Although the motion was denied, the new trial never took place thus leaving the counterclaim unresolved.

Shortly after the granting of the motion to dismiss the action at law, plaintiff filed in the equity division her "Claim for Relief", which, but for the addition of an allegation that plaintiff has been caused to hire counsel, is an exact duplicate of the petition dismissed without prejudice in the law division. In response to the "Claim for Relief", the defendant insurance company filed a motion to dismiss, asserting that the same claim had been dismissed in the law division, that the ruling of the equity division denying plaintiff's petition was then final and was an absolute bar to the claim she was then asserting. The motion was granted. Plaintiff appeals.

■ We must first determine whether we have a final, appealable judgment disposing of all parties and issues. The court must do this *sua sponte*, even if the issue is not raised by the parties, for the requirement of finality is jurisdictional. *Citizens Insurance Company of New Jersey v. Kansas City Commercial Cartage, Inc.,* 543 S.W.2d 532, 534[1] (Mo.App.1976); *Baumstark v. Jordan,* 540 S.W.2d 611, 612 (Mo. App.1976).

■ The denial of defendant's motion for judgment on its counterclaim for declaratory relief, after the new trial had been granted, did not have the effect of a judgment for plaintiff on the counterclaim.

---

2. The third party defendants apparently did not participate.

The motion for judgment, asking that the court rule on the basis of the previously presented evidence, served the function of a motion for summary judgment, the denial of which is merely interlocutory, neither final nor appealable. *Wilson v. Hungate*, 434 S.W.2d 580, 583 (Mo.1968); *Barnes v. York*, 526 S.W.2d 404, 407 (Mo.App.1975). It cannot be said that the denial of defendant's motion for judgment disposed of the counterclaim which raised serious issues bearing on whether the policy of insurance was binding on the defendant. Plaintiff's claim, if it has survived its bifurcation,[3] the interests of the admittedly named insureds, who have been made third party defendants, and the counterclaim are "mutually exclusive", *Baumstark v. Jordan*, supra, 612, and none can be considered by this court until all are finally resolved by the trial court.

Appeal dismissed.

STEWART, P. J., and REINHARD, J., concur.

3. Lacking jurisdiction, we do not rule the issues of whether the equity court properly dismissed the "claim for relief" and whether the determination of the equity court that plaintiff was not entitled to reformation is *res judicata* as to the action at law for damages.