J. Roger LAWRENCE,
Plaintiff-Respondent,

v.

STEADLEY COMPANY, INC., a corporation, Defendant-Appellant.

No. 10649.

Missouri Court of Appeals,
Springfield District.

May 22, 1978.

Jon Dermott, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for plaintiff-respondent.

Grant W. Scott, Spencer, Scott & Dwyer, Joplin, for defendant-appellant.

PER CURIAM.

On September 21, 1975, plaintiff J. Roger Lawrence filed a petition for declaratory judgment which as amended on January 19, 1976, sought the declaration of his rights and duties and those of his former employer, defendant Steadley Company, Inc., under their letter agreement dated April 25, 1975 (the letter agreement), which modified the parties' original "Employment Agreement" dated January 1, 1973. Specifically, plaintiff Lawrence prayed (1) that he "be relieved from any covenant not to compete under the letter agreement," (2) that he be given credit for $19,001 as deferred compensation for 1974 in addition to all other sums paid under the restricted trust agreement, (3) that plaintiff's rights as beneficiary under the restricted trust agreement be defined, and (4) that plaintiff's rights under the letter agreement be defined. Defendant Steadley answered and also filed a counterclaim in which it sought judgment (a) for $20,000 alleged to have been improperly transferred from its funds to plaintiff, and (b) for further amount[s]" to reimburse defendant for "improper and unauthorized payment of 'expenses' to plaintiff" and for "salary drawn by plaintiff during his period of disability."

In the colloquy of court and counsel at the outset of the trial to the court, we find the following:

"THE COURT: Gentlemen are you ready to proceed?

"MR. SCOTT: Yes, sir.

"MR. DERMOTT: Yes, sir.

"THE COURT: Okay, now we are proceeding on—not the counterclaim, but just the petition, is this not correct?

"MR. SCOTT: And the restrictive covenant.

"THE COURT: Right."

On December 20, 1976, a purported judgment was entered which struck down "the non-competitive clause [of] the letter agreement dated April 25, 1975," as requested in the above-quoted subparagraph (1) of plaintiff's prayer. Defendant appeals from that "Judgment and Order."

Our threshold duty upon appeal is to ascertain ex mero motu whether we have appellate jurisdiction,[1] more particularly in

1. *Pizzo v. Pizzo*, 365 Mo. 1224, 1227, 295 S.W.2d 377, 379(1) (banc 1956); *State ex rel.*

*Beeler v. City of Raytown*, 439 S.W.2d 481, 482(2) (Mo.1969); *Wallace v. Hankins*, 541

this instance whether the entry striking down "the non-competitive clause" is an appealable judgment. To be final and thus appealable, a judgment ordinarily must dispose of all parties and all issues raised by the pleadings and must leave nothing for further determination;[2] and, if the purported judgment presented to us in the case at bar does not, we must dismiss the appeal sua sponte,[3] unless that judgment comes within the purview of the following exception provided in the second sentence of Rule 81.06, V.A.M.R.:

> "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, *unless specifically so designated by the court in the judgment entered.* . . ." (Emphasis ours)

 Meticulous examination of the so-called "Judgment Entry" in the transcript on appeal discloses that there was no such designation by the court in that entry. Accordingly, the appeal must be dismissed.

It is so ordered.

All concur, except FLANIGAN, J., not participating.

S.W.2d 82, 84(4) (Mo.App.1976); *Herndon v. Ford*, 470 S.W.2d 168, 169 (Mo.App.1971).

**2.** Rule 74.01, V.A.M.R.; *Elliott v. Harris*, 423 S.W.2d 831, 832(1) (Mo. banc 1968); *New Age Federal Savings and Loan Ass'n. v. Miller*, 461 S.W.2d 876, 878–879 (Mo.1970); *Cochran v. DeShazo*, 538 S.W.2d 598, 600(4) (Mo.App. 1976); *Federal Deposit Ins. Corp. v. Crismon*, 516 S.W.2d 57, 58(2) (Mo.App.1974).

**3.** *Citizens Ins. Co. of New Jersey v. Kansas City Commercial Cartage, Inc.*, 543 S.W.2d 532, 533(1) (Mo.App.1976); *Baumstark v. Jordan*, 540 S.W.2d 611, 612(1) (Mo.App.1976); *Federal Deposit Insurance Corp. v. Crismon*, 516 S.W.2d 57, 58(1) (Mo.App.1974); *Coonis v. Rogers*, 413 S.W.2d 310, 313(2) (Mo.App.1967).