WM. A. SMITH CONTRACTING CO., INC., Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Respondent.

No. KCD 29554.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Robert A. Babcock, Margolin & Kirwan, Kansas City, for appellant.

B. Kent Snapp, James M. Beck, Johnson, Lucas, Bush & Snapp, Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Wm. A. Smith Contracting Co., Inc. (Smith), a Missouri corporation, entered

into a written contract with Missouri Pacific Railroad Company (Railroad), also a Missouri corporation, for the rehabilitation of certain main and auxiliary tracks between Marlin and Waco, Texas. Controversies arising between the parties after Smith completed work on the project have bred a series of litigation.

The first action in this series of litigation commenced on January 21, 1972, when Smith filed a petition for damages for breach of contract against Railroad in the Circuit Court of Jackson County, Missouri. In a motion for summary judgment filed therein Railroad affirmatively alleged that paragraph 24 of the contract constituted an arbitration clause, that the contract was one "evidencing a transaction involving commerce",[1] and pursuant to the Federal Arbitration Act, Title 9, U.S.C.A., arbitration was Smith's "sole and exclusive remedy" for resolving all controversies which had arisen between the parties. Prior to any judicial disposition of said breach of contract action filed January 21, 1972, the same was voluntarily dismissed by Smith without prejudice on June 6, 1975.

The second action in this series of litigation commenced on November 21, 1975, when Smith filed a four count petition against Railroad in the Circuit Court of Jackson County, Missouri. By way of Count One Smith sought a declaratory judgment with respect to whether paragraph 24 of the contract was a binding arbitration clause, and, if it was, its "meaning and effect" upon the parties with regard to the controversies which had arisen between them.[2] Counts Two, Three and Four, each pleaded in the alternative, respectively sought a judgment for damages for breach of contract, a judgment for the reasonable value of additional work done and completed pursuant to an oral amendment to the written contract, and a judgment for the amount retained by Railroad under a "1% retention" provision contained in the contract.

Railroad filed a motion for summary judgment on all four counts of the petition in the latest action in the series of litigation, disposition of which resulted in the following judgment being entered: "Judgment is granted in favor of the defendant [Railroad] and against the plaintiff [Smith] on all counts of plaintiff's petition. Costs against the plaintiff, for which let execution issue."

1. Title 9, U.S.C.A. § 2.

2. In this connection, Smith points out that notwithstanding Missouri's stance against specific enforcement of arbitration agreements, Sec. 435.010, RSMo 1969, *Hill v. Seaboard Fire & Marine Insurance Company*, 374 S.W.2d 606, 610 (Mo.App.1963), and *State v. Craig*, 364 S.W.2d 343, 345 (Mo.App.1963), the particular contract in question was one "evidencing a transaction involving commerce" and therefore appeared to be governed by the Federal Arbitration Act, Title 9, U.S.C.A. and, if so, was not subject to the substantive law of the state of Missouri. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); and *Robert Lawrence Company v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (2d Cir. 1959), *cert. granted* 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dismissed under Rule 60, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). For purposes of general elucidation Smith quoted at some length from *Robert Lawrence*, 271 F.2d at 406–07: "We think it is reasonably clear that the Congress intended by the Arbitration Act to create a new body of federal substantive law affecting the validity and interpretation of arbitration agreements. . . . This indicates a congressional intention to rely on the admiralty power . . . and the commerce power . . . . * * * To be sure much of the Act is purely procedural in character and is intended to be applicable only in the federal courts. But Section 2 declaring that arbitration agreements affecting commerce . . . are 'valid, irrevocable, and enforceable' goes beyond this point [i. e., mere procedure] and must mean that arbitration agreements of this character, previously held by state law to be invalid, revocable or unenforceable are now made 'valid, irrevocable, and enforceable.' This is a declaration of national law *equally applicable in state* or federal courts." (Emphasis supplied.) Smith also quotes from *Prima Paint*, 87 S.Ct. at 1804, where the Supreme Court of the United States, in discussing the Federal Arbitration Act, concurred with the *Robert Lawrence* court, albeit for different reasons, by noting that "this rule—one of 'national substantive law'—governs even in the face of a contrary state rule."

■ Legal requisites of judgments in declaratory judgment actions have been a seldom discussed subject in this state. Those few cases which have done so hold that it is the express duty of a trial court in a declaratory judgment action to make a declaration of the rights of the parties and include such declaration in the judgment or decree. *Smith v. Pettis County*, 345 Mo. 839, 136 S.W.2d 282, 285 (1940); and *Smith v. Worsham*, 552 S.W.2d 367, 370 (Mo.App. 1977). Simply put, as applied to this case (assuming for purposes of discussion that the matter was ripe for summary judgment pursuant to Rule 74.04(c)), the trial court was required to declare whether paragraph 24 of the contract constituted an arbitration clause, and, if it did, whether or not it was enforceable in this state as a means of resolving the controversies which had arisen between the parties, and to include such declarations in any judgment purporting to finally dispose of Count One. It is patently clear from the judgment entered in this case that such was not done.

Concomitantly, the above injects the vexing question of whether a final judgment was ever rendered as to Count One (for declaratory judgment), a question which this court is obliged to explore and answer sua sponte in order to determine whether an appeal presently lies. *Citizens Ins. Co. of N. J. v. Kansas City, Etc.*, 543 S.W.2d 532, 534 (Mo.App.1976); and *Baumstark v. Jordan*, 540 S.W.2d 611, 612 (Mo.App.1976). As noted in *Citizens Ins. Co. of N. J.*, 543 S.W.2d at 535, "the circumstances of each case must be considered in determining the finality of the judgment entered below."

Having concluded that the judgment entered by the trial court as to Count One did not comport with the required content of a declaratory judgment, supra, simple logic compels the attendant conclusion that in this context no final judgment was rendered on Count One. In short, the skeletal judgment which was rendered failed to meet the legally prescribed requisites for judgments in declaratory judgment actions.

The infirmity of the judgment as to Count One is triply compounded by the nature of review imposed by summary judgment, the contingent status of alternative Counts Two, Three and Four, and last, but by no means least, the emaciated transcript filed in this appeal. The transcript filed in this case is noteworthy for its sparsity of facts. For example, the contract which is the hub of this litigation was not included, nor the dates when Smith began and completed the work, although Railroad in its motion for summary judgment raised both Texas and Missouri Statutes of Limitations (?) as bars to all four counts of Smith's petition. Although Railroad's position in the first action in this series of litigation was that paragraph 24 of the contract constituted an arbitration clause and was binding upon the parties as the "sole and exclusive remedy" for resolving their controversies, it did a complete turnabout in the present action by alternatively alleging at the trial level that (1) paragraph 24 was not an arbitration clause, but (2) in the event it was construed otherwise, it was "not specifically enforceable in Missouri", Smith had waived any right to enforce arbitration, and the "Contract pursuant to which plaintiff [Smith] seeks to compel arbitration is barred by applicable statutes of limitation. Title 91, Vernon's Texas Civil Statutes, Articles 5526, 5527 and 5529; and Sections 516.120 and .190, RSMo. (1969)." Aside from a multitude of questions as to the applicability vel non of the Federal Arbitration Act, Title 9, U.S.C.A., the parties, both below and on appeal, anomalous as it may sound, have studiously avoided confronting the issue of whether Texas or Missouri substantive law is applicable and controlling in all other respects. The lean record presented on appeal conjoined with the diametrically opposite positions taken by Railroad with respect to Count One serves to emphasize the absolute necessity in this case of a declaration at the trial level, and inclusion of such in any judgment rendered, as to whether paragraph 24 of the contract constituted an arbitration clause, and, if it did,

whether or not it was enforceable in this state as a means for resolving the controversies which had arisen between the parties. Absent such specificity the purported judgment entered on Count One by the trial court leaves this court totally in the dark as to how the trial court construed paragraph 24, and if it construed it to be an arbitration agreement, as to the even more crucial ancillary question of whether or not it was enforceable in this state as a remedy for settling the controversies which had arisen between the parties.

In the absence of a final judgment as to Count One, it necessarily follows that the summary judgment as to Counts Two, Three and Four alone did not dispose of all the issues presented at the trial level and therefore no final judgment existed within the meaning of Rule 74.01 for purposes of appeal. *Anderson v. Metcalf*, 300 S.W.2d 377, 378 (Mo.1957); *Weir v. Brune*, 256 S.W.2d 810, 811 (Mo.1953); and *Thielecke v. Munday*, 555 S.W.2d 376, 376 (Mo.App. 1977).

The appeal herein, being premature, is dismissed.

All concur.