**INTERNATIONAL HARVESTER CREDIT CORPORATION,**

v.

**Frank FORMENTO, Defendant and Third Party Plaintiff-Appellant,**

v.

**GENERAL ELECTRIC CREDIT CORPORATION, Additional Defendant-Respondent, et al.**

**No. 31801.**

Missouri Court of Appeals, Western District.

Aug. 11, 1981.

Richard N. Brown, Brown & Casey, Brookfield, for defendant and third party plaintiff-appellant.

James P. Williams, Devoy & Williams, Brookfield, for additional defendant-respondent et al.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

International Harvester Credit Corporation filed suit against Frank Formento on a note and security agreement given as part of the purchase price for the purchase of trucks by Formento.[1] Formento in turn filed a counterclaim against International Harvester Credit Corporation, and a third party petition against International Harvester Truck Division, Orscheln Motor and Equipment Company, General Electric Credit Corporation and Western Casualty and Surety Company. The third party petition asserted numerous claims against the additional defendants with the claims generally arising from the sale of certain trucks and equipment from Orscheln to Formento.

The trial court entered summary judgment in favor of General Electric Credit Corporation on one count of Formento's third party petition against it and in favor of General Electric on its counterclaim against Formento and in favor of General Electric on two counts of Formento's additional claim against General Electric. Appeal dismissed.

■ Although not raised by the parties specifically, it is the duty of this court to sua sponte examine the finality of the judgment for purposes of appeal. *Baumstark v. Jordan*, 540 S.W.2d 611, 612[1] (Mo.App. 1976).

■ The general rule requires that a judgment dispose of all issue and all parties to be final. *Baumstark* at 612[2–4]. A judgment disposing of a claim but not a counterclaim is generally not considered to be final, but an exception exists if the trial court specifically designates that the judgment is to be deemed final for purposes of

appeal under Rule 81.06. *Baumstark* at 612[2–4].

In this case the record does not indicate that the court designated the judgment to be final for purposes of appeal as authorized by Rule 81.06. Thus, the exception noted above for the finality of judgment does not apply. *Baumstark, supra.*

■ As noted above, Formento filed a third party petition after suit was commenced against him by International Harvester Credit. In Count IV of that petition Formento sought a judgment for $3,902 from International Harvester Credit, Orscheln and General Electric Credit. The judgment related only to the claim against General Electric and clearly did not dispose of all parties to that count.

In short, there are numerous claims and parties undisposed of by this judgment. The judgment was not designated as a separate and final judgment for purposes of appeal. Neither did the court order a separate trial as to any of the many parties or issues. Thus there is no final judgment for purposes of appeal.

In oral argument some doubt was expressed as to whether or not the entry of summary judgment would in and of itself cause the judgment in this case to be final. In *Baumstark* the judgment found not to be final was entered as a summary judgment.

After remand the parties may wish to consult *Shell v. Shell*, 605 S.W.2d 185 (Mo. App.1980) on the propriety and requirements for the separation of issues and parties for separate trials.

Appeal dismissed.

All concur.

---

1. This is the second appeal in this case. The court had granted a separate trial on the issue of possession in International Harvester Cred-it's petition. *International Harvester Credit v. Formento*, 593 S.W.2d 576 (Mo.App.1979).