**FIREMAN'S FUND AMERICAN
INSURANCE COMPANY,
Plaintiff-Respondent,**

v.

**Loretta B. DITZ and Arthur E. Boyer,
Jr., Defendants,**

**Arthur E. Boyer, Jr.,
Defendant-Appellant.**

No. 43273.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 29, 1981.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 19, 1982.

Application to Transfer Denied
April 13, 1982.

Frank J. Maginn, St. Louis, for defendant-appellant.

W. Munro Roberts, Jr., Ted L. Perryman, St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, Arthur Boyer, Jr., appeals from a judgment in favor of plaintiff Fireman's Fund Insurance Company on its petition for declaratory judgment. The cause was submitted to the trial court on the following stipulation of facts: In June of 1973 William H. Ditz (son) and his parents, Mr. and Mrs. William Ditz purchased a Plymouth automobile. Title to the automobile was placed in the parents' names in order to obtain financing for the purchase. However, the vehicle was purchased for the son's use and all payments on the car were made by him. Prior to the time the Plymouth was purchased Mr. and Mrs. Ditz carried insurance with plaintiff on another vehicle. When the Plymouth was purchased it was added to the policy and an additional premium paid to plaintiff for its coverage.

In August of 1974, the son married and moved away from home taking the Plymouth with him. Subsequently plaintiff, at the son's instance, removed the Plymouth from the parents policy (# Z2344007) and issued a separate policy (# Z3617075) in the name of the son covering the Plymouth.

In May 1975, while driving her son's Plymouth Mrs. Ditz was involved in an automobile collision with defendant Boyer. At the time of the collision legal title to the Plymouth remained in Mr. and Mrs. Ditz and Mrs. Ditz was a regular user of the Plymouth by an arrangement whereby the son would drive the Plymouth to the parents' house and leave it there several days a week for Mrs. Ditz's use.

In October, 1976 plaintiff filed its petition for declaratory judgment in which it sought to be relieved of any liability under the policy issued to Mr. and Mrs. Ditz or the policy issued to their son. Plaintiff also sought an order restraining Boyer from instituting an action based on either of the two policies.[1]

In May, 1980,[2] the court issued a summary judgment in favor of plaintiff stating inter alia, Policy "# Z2344007 issued to Mr. and Mrs. William Ditz does not insure the 1973 Plymouth Seebring automobile which is the subject of this action."[3]

On appeal from this judgment defendant raises four points of error the first being that in reaching its conclusion the trial court erroneously declared and applied the law. The trial court did not include findings of fact and conclusions of law in its judgment but merely cited three cases and one statutory section as support of it. We, therefore, do not know precisely in what manner the court declared and applied the law. Whether it did so incorrectly becomes relevant, however, only when the conclusion reached or the judgment rendered by the court is erroneous.

As we shall explain, we find the trial court's conclusion that the Plymouth was not insured under the policy owned by Mr. and Mrs. Ditz correct therefore we are not concerned with the route taken by the court in arriving at this conclusion.

■ Defendant's second point does not present anything for our review because it does not set out any ruling or action by the trial court alleged to be erroneous.[4] Rule 84.04(d). We decline to address this point.

■ Defendant's third point suffers from the same infirmity as his second point, how-

---

1. Prior to filing its petition for declaratory judgment plaintiff offered Boyer $25,000, the amount of coverage afforded under the policy issued by plaintiff to William H. Ditz, the son.

2. For a synopsis of the procedural history of this case see *State ex rel. Boyer v. Stussie*, 592 S.W.2d 269 (Mo.App.1979).

3. Pursuant to Boyer's motion for new trial, this order was later amended "Nunc pro tunc" to omit the word "summary."

4. Defendant's second point reads:
   "IN A COURT–TRIED CASE PURSUANT TO RULE 73.01, MISSOURI RULES OF CIVIL PROCEDURE, AS REVISED, SUBMITTED UPON AN AGREED STATEMENT OF FACTS, IT IS NOT NECESSARY FOR REVIEWING COURT TO DEFER TO TRIAL COURT ON QUESTIONS OF CREDIBILITY OF WITNESSES."

ever, we shall address it briefly.[5] Although inartfully drafted we believe the thrust of defendant's point is that the trial court erred in failing to find Mrs. Ditz and the Plymouth covered under the "other insurance" clause of Policy # Z2344007 owned by her and Mr. Ditz. That clause read:

"Parts I and III   If the insured has other insurance against a loss covered by Part I or Part III of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other valid and collectible insurance."

This clause means that if Mrs. Ditz had other additional insurance against any loss covered by her policy the total loss would be paid on a pro rata basis. It is not disputed that Mrs. Ditz's loss while driving the Plymouth was covered under the omnibus clause of her son's policy. Defendant argues this coverage constitutes other additional coverage and that since she has this other additional coverage plaintiff is liable under the other insurance clause of the policy owned by Mr. and Mrs. Ditz for a pro rata share of any amount awarded Boyer in a personal injury suit against Mrs. Ditz. This reasoning is flawed in two instances. Defendant erroneously interprets the other insurance clause as one which creates liability in plaintiff. The clear intent of the clause is not to create but to limit any liability created in Part I or III of the policy to a pro rata share in the event other insurance also covers the loss. Although we agree, as do plaintiff and defendant, that Mrs. Ditz is covered by her son's policy's omnibus clause this coverage is not "other" insurance in the sense of being additional insurance because

her loss is not covered by Part I or III of her own policy (Z2344007). As plaintiff correctly points out it cannot be held liable for pro rata coverage under Policy # Z2344007 in the absence of coverage of the insured by that policy. Once coverage under policy # Z2344007 is established then and only then can it be determined whether the insured has "other" coverage and the language of that policy establishes that Mrs. Ditz's loss was not covered.

The pertinent portions of the policy state as follows:

"Persons Insured.   The following are insured under Part I:

(a) with respect to the owned automobile,

(1) the named insured and any resident of the same household.

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and

(3) any person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.

THE USE OF SAID AUTOMOBILE BY OWNER WAS WITH PERMISSION OF NAMED INSURED; AND WHERE OWNER-OPERATOR HAS 'OTHER INSURANCE' SUCH INSURANCE IS APPLICABLE TO THE LOSS ON A PRO-RATA OR OTHER BASIS."

---

5.   Defendant's third point reads:

"LIABILITY OF AN OWNER–OPERATOR (LORETTA DITZ) OF A MOTOR VEHICLE INVOLVED IN AN ACCIDENT IS INSURED UNDER THE OMNIBUS CLAUSE OF AN AUTOMOBILE LIABILITY POLICY ISSUED TO ANOTHER AS NAMED INSURED IF

'owned automobile' means (a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, . . . .

\* \* \* \* \* \*

'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

Sections (a) and (b) under the heading "Persons Insured" indicates that Mrs. Ditz's loss was covered only if the Plymouth she was driving at the time of the collision was either an "owned" automobile or a "non-owned" automobile.[6] Clearly, it was neither. The evidence is uncontradicted that the Plymouth was removed from the Ditz's policy # Z2344007 prior to the accident and therefore it was not a private passenger automobile described in the policy for which a specific premium was charged. None of the other sections of the definition are even arguably applicable. The Plymouth could not be considered a non-owned automobile because it was, according to Mrs. Ditz's testimony, furnished to her for her regular use.

■ Defendant contends that the definition in policy # Z2344007 of "owner" is in conflict with § 301.010(21) RSMo 1978 which defines "owner" to include "any person, firm, corporation or association, who holds the legal title of a vehicle." Defendant points out that paragraph 22 of policy # Z2344007 states: "Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes." We agree with the defendant's assertion that in Missouri existing statutes which are applicable and pertinent are automatically incorporated into all contracts of insurance. *Ward v. Allstate Insurance*

*Co.*, 514 S.W.2d 576, 578 (Mo. banc 1974). However, the definition of "owner" found in § 301.010(21) RSMo 1978 is applicable only to Chapter 301, §§ 304.010 to 304.040 and 304.120 to 304.570 and none of these sections discuss or even remotely allude to insurance or insurance contracts.[7] Therefore, the definition of owner in § 301.-010(21) RSMo 1978 is not pertinent nor applicable to insurance contracts. We do not believe paragraph 22 of policy # Z2344007 can be interpreted to mean that terms of the policy shall conform to statutes which are neither pertinent nor applicable to insurance policies. This is an absurd interpretation which we do not care to adopt. Defendant's third point is denied.

■■ Defendant's fourth point, which is raised in his reply brief, complains of the alleged insufficiency of the trial court's judgment. Defendant correctly contends that a declaratory judgment to be sufficient must necessarily declare the rights and liabilities of the parties. *Wm. A. Smith Contracting Co. v. Missouri Pacific R.R. Co.*, 575 S.W.2d 865, 867 (Mo.App.1978). We disagree with defendant's claim that the present judgment fails to adequately declare the rights and liabilities of the parties. The judgment states that the Plymouth is not covered by Policy # Z2344007. Plaintiff could not be held liable under this policy for losses suffered by Mrs. Ditz while driving the Plymouth if the Plymouth was not covered by the policy in question. No further explanation of the parties' rights and liabilities was necessary.

Judgment affirmed.

GUNN and SIMON, JJ., concur.

---

**6.** Neither party contends that Mrs. Ditz was not a named insured or resident of named insured's household or a relative.

**7.** Chapter 301 is devoted to regulation of registration and licensing of motor vehicles. Sections 304.010 to 304.040 and §§ 304.120 to 304.570 are traffic regulations.