## SHELTER MUTUAL INSURANCE COMPANY, Plaintiff–Respondent,

v.

## David L. KRAMER and Sherry Kramer, Defendants–Appellants.

### No. 15051.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 15, 1987.

Winston V. Buford, R. Randall Turley, David G. Neal Law Firm, Eminence, for defendants-appellants.

Kenneth H. Reid, M. Sean McGinnis, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, Don Henry, West Plains, for plaintiff-respondent.

FLANIGAN, Judge.

This appeal must be dismissed as premature for lack of a final judgment.

This is a declaratory judgment action filed by plaintiff-respondent Shelter Mutual Insurance Company, ("Shelter"), against defendants-appellants David L. Kramer and Sherry Kramer. On June 18, 1981 Shelter, then MFA Mutual Insurance Company, issued a policy of insurance to the Kramers. The policy, which had a term of three years, contained fire coverage with respect to a two-story frame house and household goods "in above-described building," owned by the Kramers near Birch Tree, Missouri. On March 21, 1982, the house and its contents were destroyed by fire.

The policy contained a "loss payable" clause in favor of Winona Savings Bank as mortgagee of the premises on which the house was located. In 1979 the Kramers executed a promissory note in the principal sum of $56,000 in favor of the bank and secured the note with a deed of trust on the land on which the house was located. In 1980 the Kramers executed another note in the principal sum of $7,500 in favor of the bank and again gave a deed of trust on the land as security.

On April 21, 1982, Shelter wrote the Kramers and informed them that Shelter denied any liability to the Kramers under the policy. On April 27, 1982, Shelter paid the bank $42,648.95, representing the unpaid balances on the two notes and the bank assigned the two notes to Shelter. In 1984 Shelter commenced foreclosure proceedings but "cancelled" them after the attorney for the Kramers informed Shelter that the Kramers did not believe Shelter had the right to foreclose and that Shelter was liable to the Kramers for the fire loss.

On September 4, 1984, Shelter filed the declaratory judgment action against the Kramers. The petition, in addition to alleging the foregoing facts, alleged that the policy was void because defendants had committed "fraud and false swearing in the

Proof of Loss." The petition also alleged "that the policy was suspended at the time of the fire because the dwelling had been vacant and unoccupied for a period of at least 60 consecutive days prior to the fire loss." The petition cited respective provisions of the policy in connection with each basis for denying coverage.

The petition further alleged that a controversy existed between Shelter and the Kramers and that the Kramers had asserted that Shelter may be liable for damages or penalty for vexatious delay and refusal to pay.

The petition further alleged that Shelter "desires the Court to determine whether the policy is void by reason of Defendants' alleged fraud or false swearing in making the Proof of Loss as alleged hereinabove, or whether the policy was suspended by reason of the fact that the dwelling was unoccupied for more than sixty (60) consecutive days prior to the loss, *whether [Shelter] has the right to enforce payment of the promissory notes and foreclose pursuant to the terms of the deeds of trust,* and whether [Shelter], if liable to Defendants under the policy, is liable for damages or penalty for vexatious delay and refusal to pay." (Emphasis added.)

The prayer of the petition was that the court determine the rights and liabilities of the parties under the policy, including a declaration of whether the policy was void or suspended at the time of the fire, "whether [Shelter] has the right to enforce payment of the note (sic) and foreclose on the real estate ... and whether [Shelter], if liable to the defendants for loss to the contents in the house at the time of the loss, is liable for damages or penalty for vexatious delay and refusal to pay."

Defendants filed an answer in which they admitted many of the allegations of the petition but denied that they had committed fraud or false swearing in the proof of loss and also denied that the policy was suspended at the time of the fire.

Defendants also filed a counterclaim in which they sought recovery under the policy and requested $60,000 in damages and an additional $20,000 "for vexatious delay and for attorney fees."

A trial was held on October 9, 1986, before the court, sitting without a jury, and both sides introduced evidence. The trial was held on all of the issues and no order for separate trial of any issue was made. The two notes and the two deeds of trust were introduced into evidence and there was testimony concerning them.

On January 2, 1987, the court entered a purported judgment which contained findings of fact and conclusions of law. Although the court found that Shelter had failed to return an unearned premium and thus could not claim "that the policy is void under the fraud provisions of the policy," the court also found that the policy was suspended on the date of the fire because the house had been vacant "beyond a period of 60 consecutive days." The judgment included an express ruling against the Kramers and in favor of Shelter on the Kramers' counterclaim.

Significantly, the judgment made no mention of the two notes or the two deeds of trust, nor did it contain any declaration with regard to the respective rights and liabilities of the parties with respect to the two notes or to foreclosure under the deeds of trust. Defendants appeal.

"As a general rule, in awarding declaratory relief, the court should make a full and complete declaration, disposing of all questions of right, status, or other legal relations encountered in adjudicating the controversy." *Mayor, Councilmen, etc. v. Dealers Transport Co.,* 343 S.W.2d 40, 43 (Mo. banc 1961). To similar effect see *Ewing v. City of Springfield,* 449 S.W.2d 681, 688 (Mo.App.1970). "A judgment is not final until disposition of all issues between the parties." *Goldberg v. Mos,* 631 S.W.2d 342, 345[4] (Mo.1982).

In *Wm. A. Smith, etc. v. Missouri P.R. Co.,* 575 S.W.2d 865 (Mo.App.1978), the plaintiff initiated an action by filing a petition in four counts. Count I sought a declaratory judgment. The judgment with respect to Count I did not "comport with the required content of a declaratory judgment," and an appeal by the plaintiff was

dismissed as premature. At p. 867 the court said:

"Legal requisites of judgments in declaratory judgment actions have been a seldom discussed subject in this state. Those few cases which have done so hold that it is the express duty of a trial court in a declaratory judgment action to make a declaration of the rights of the parties and include such declaration in the judgment or decree. *Smith v. Pettis County*, 345 Mo. 839, 136 S.W.2d 282, 285 (1940); and *Smith v. Worsham*, 552 S.W.2d 367, 370 (Mo.App.1977)."

The judgment was held to be defective because that portion of it purporting to dispose of Count I failed to declare whether a certain paragraph of the involved contract constituted an arbitration clause and, if it did, whether it was enforceable in Missouri. The court also pointed out that it is the duty of an appellate court to determine whether or not a final judgment exists in order for an appeal to lie, even if that question has not been raised by the parties.

Although defendants' counterclaim in the instant action mentioned the two notes and "a" deed of trust, it did not request any relief with regard to them, so it cannot properly be said that the trial court's disposition of the counterclaim constituted a declaration of the rights of the parties with respect to the notes or foreclosure under the deeds of trust.

This court holds that the failure of the purported judgment to declare the rights of the parties with respect to the two notes and with respect to foreclosure under the deeds of trust renders the judgment incomplete and lacking in finality for purposes of appeal.

The appeal, being premature, is dismissed.

PREWITT, P.J., and MAUS, J., concur.

HOGAN, J., not participating.