Joseph Edward FULTS, Appellant,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.

No. WD 45175.

Missouri Court of Appeals,
Western District.

March 17, 1992.

Joseph Edward Fults, pro se.

William L. Webster, Atty. Gen., June Striegel Doughty, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and SMART, JJ.

PER CURIAM:

Fults is a prisoner serving sentences totaling forty years for convictions arising from sexual assaults of his fifteen-year old daughter. *State v. Fults*, 719 S.W.2d 46, 47 (Mo.App.1986).

In this petition for declaratory judgment, Fults sought a determination of whether the Board of Probation and Parole had applied the 1985 parole eligibility guidelines to him in derogation of the *ex post facto* clause of the Constitution. Fults claimed entitlement to application of the 1982 parole eligibility guidelines which were in effect at the time of the commission of the crimes in 1983. The parole board had informed Fults by letter that the 1985 guidelines would govern his parole eligibility because those procedures were in effect in 1986 when Fults was actually received by the Department of Adult Institutions and began serving his sentence. Alleging serious disadvantages resulting from the retrospective application of the new guidelines, Fults made specific references in his petition to comparable provisions of the 1982 and 1985 guidelines. According to Fults' analysis of the two versions, the 1982 guidelines entitled him to an earlier minimum parole eligibility date than did the 1985 guidelines.

Filing no answer, the parole board, in a one sentence motion, requested dismissal for failure to state a claim.

■ Fults' first point on appeal is dispositive. He challenges the specificity and the sufficiency of the ruling disposing of his case. Fults insists that the purported judgment fails to demonstrate whether the trial court considered the merits of his claims for declaratory relief or followed proper procedure. Fults further emphasizes that the final ruling lacked any appealable reason for the denial of his petition. The parole board counters with the contention that the ruling should be characterized as a dismissal for failure to state a claim.

The purported judgment consists of the following docket entry:

In absence of the regular Judge of Division II; Petitioner's Petition for Declaratory Judgment is denied; Clerk to so notify parties and Missouri Court of Appeals. TJB/Acting Judge of Division II.

The above docket entry was entered on July 22, 1991 in response to this court's request that Judge Kinder file suggestions in opposition to Fults' July 17, 1991 petition for writ of mandamus. In the writ proceeding, Fults had sought an expeditious decision in his declaratory judgment action, filed in December, 1990. Pending at the time of the trial court's ruling in the declaratory judgment proceeding were the parole board's motion to dismiss, filed February 6, 1991, and Fults' motion for summary judgment.

■ A declaratory judgment becomes a final and appealable order when it declares the rights of all parties to the action with respect to all issues raised in the action. *Shelter Mutual Ins. Co. v. Haller,*

793 S.W.2d 391, 393 (Mo.App.1990). Because the purpose of a declaratory judgment suit is to obtain a judicial declaration of rights, a mere judgment entry is ordinarily insufficient. *Smith v. Pettis County*, 345 Mo. 839, 136 S.W.2d 282, 285 (1940). The trial court bears the express duty in a declaratory judgment action to make a declaration of rights and to include such declaration in the judgment or decree regardless of which party prevails. *Shelter Mutual Ins. Co. v. Kramer*, 741 S.W.2d 302, 304 (Mo.App.1987); *Wm. A. Smith Contracting Co., Inc. v. Missouri Pac. R.R. Co.*, 575 S.W.2d 865, 867 (Mo.App.1978). In *Wm. A. Smith Contracting, id.* at 866, a judgment entry providing, "Judgment is granted in favor of the defendant [Railroad] and against the plaintiff [Smith] on all counts of plaintiff's petition," failed to comport with the required content of a declaratory judgment and failed to constitute a final, appealable judgment.

In this case, the language of the docket entry, "Petitioner's Petition for Declaratory Judgment is denied," appears to address the merits of Fults' claims. However, the ruling is vague, incomplete, and lacking in finality because it fails either to declare the rights of the parties with respect to the applicability of the parole eligibility guidelines, or to specifically rule on the board's motion. This court, under these facts does not, even with an ever present desire to promote judicial economy, choose to deem the trial court's recitation of its action as anything other than what it says. Therefore, this court finds no final judgment for the purpose of appeal.

The appeal is dismissed as premature. The cause is remanded to the trial court for appropriate proceedings resulting in a final judgment.